IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of: ) | BANKRUPTCY NO. |
| ) | 92-01605-TOM-7 |
| JOEL A. ADKINS, ) | |
| ) | A.P. NO. 92-00218 |
| Debtor. ) | |
| ================================================================== | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 94-G-2126-S |
| ) | |
| JOEL A. ADKINS, ) | |
| ) | |
| Appellee. ) | |

MEMORANDUM OPINION

This cause is before the court on appeal from an order entered by the Bankruptcy Court for the Northern District of Alabama on April 5, 1994, which became final on April 20, 1994.[1] The Bankruptcy court, after trial on the merits, entered an order and memorandum opinion determining the liability of Joel A. Adkins, under section 6672 of the Internal Revenue Code, for the unpaid taxes of Adkins Mechanical & Service Co., Inc. (AMS), and/or American Mechanical Contractors (AMC) for the last quarter of 1989 and the first two quarters of 1990.[2]

---

[1] This case was consolidated for trial with a companion case by the bankruptcy court. The details of the companion case are irrelevant for the purposes of this appeal.

[2] The bankruptcy court noted that although these were two separate entities, the parties failed to draw a distinction

## THE DECISION BELOW

Adkins filed an adversary proceeding pursuant to section 505 of the Bankruptcy Code, which gives bankruptcy courts the power to "determine the amount or legality of any tax, any fine or penalty relating to a tax, or addition to any tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." 11 U.S.C. § 505. The penalty in question is imposed by section 6672 of the Internal Revenue Code, which imposes on persons responsible for the payment of taxes, penalties in the event the taxes are not paid. Section 6672 provides in pertinent part as follows:

> (a) General rule—Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

The unpaid taxes in question are employee payroll taxes owed by the companies, but which were not paid.

The bankruptcy court determined that, for the fourth quarter of 1989, Adkins had no liability for the companies' taxes

---

between the two. The bankruptcy court, therefore, referred to the corporate entities collectively as "AMC." (Memorandum Opinion at 3, F.N. #6, Record at 446). For clarity, this court will use "companies" to indicate reference to both corporate entities, and either "AMC" or "AMS" to indicate reference to one of the individual corporate entities.

2

because there was no evidence the Internal Revenue Service (IRS) had sought to impose section 6672 liability on him for that period. The court determined Adkins was liable for the unpaid tax liability of the companies for the first quarter of 1990 in the amount of $32,033.59. The court concluded Adkins was not liable for a section 6672 penalty for the second quarter of 1990 because he was not an employee of the companies during that period. The United States appeals the bankruptcy court's determination of no liability for the fourth quarter of 1989 and the amount of the penalty imposed for the first quarter of 1990.

## STANDARD OF REVIEW

"In reviewing a bankruptcy court judgment as an appellate court, the district court reviews the bankruptcy court's legal conclusions de novo. The district court must accept the bankruptcy court's factual findings unless they are clearly erroneous, and give due regard to the bankruptcy court's opportunity to judge the credibility of the witnesses." In re Englander, 95 F.3d 1028, 1030 (11th Cir. 1996).

## APPLICATION OF SECTION 6672

The application of section 6672 in payroll tax cases has been summarized as follows:

> Under the withholding system set up in the Internal Revenue Code, 26 U.S.C.A. § 3401 Et seq., employers have a duty to collect both income and FICA

> ("social security") taxes from their employees. These sums are commonly referred to as "trust funds" because the Code provides that they are deemed to be "a special fund (held) in trust for the United States." 26 U.S.C. § 7501. When net wages are paid to the employee, the taxes that were, or should have been, withheld are credited to the employee even if they are never remitted to the government; so the IRS has recourse only against the employer for their payment.
>
> However, Section 6672 of the Internal Revenue Code imposes a penalty on any "person required to collect, truthfully account for, and pay over any tax" withheld who willfully fails to do so. The penalty is equal to the total amount of the tax not paid over, and is itself referred to as a "tax" in Section 6671. The term "person," as defined in Section 6671, includes "an officer or employee of a corporation . . . who as such officer (or) employee . . . is under a duty" to collect, account for, and pay over the withheld tax. This is known as a "responsible person." Thus, liability for a penalty is imposed only on (1) a responsible person (as defined in Section 6671), who has (2) willfully failed to perform a duty to collect, account, "and" pay over the tax.

<u>Mazo v. United States</u>, 591 F.2d 1151, 1153 (5th Cir. 1979). The Eleventh Circuit Court of Appeals has further explained the requirements of section 6672.

> A responsible person within the meaning of § 6672 includes an officer or employee of a corporation who is under a duty to collect, account for, or pay over the withheld tax. <u>Mazo</u>, 591 F.2d at 1153. Responsibility is a "matter of status, duty and authority, not knowledge." <u>Id</u>. at 1156. Indicia of responsibility includes the holding of corporate office, control over financial affairs, the authority to disburse corporate funds, stock ownership, and the ability to hire and fire employees. It is undisputed that more than one person may be a responsible officer of the corporation under § 6672. <u>Roth v. United States</u>, 779 F.2d 1567, 1571 (11th Cir. 1986).

<u>Thibodeau v. United States</u>, 828 F.2d 1499, 1503 (11th Cir. 1987). The court continued by explaining the standard for willfulness:

4

> Once it is established that a taxpayer is a responsible person, the burden of proving lack of willfulness is on the taxpayer. Mazo, 591 F.2d at 1155. The former Fifth Circuit defined "willfully" as "meaning, in general, a voluntary, conscious and intentional act." Id. at 1154. The willfulness requirement is met if there is evidence that the responsible officer had knowledge of payments to other creditors after he was aware of the failure to remit the withheld taxes. Id. at 1157. The willfulness requirement is also met if the responsible officer shows a "reckless disregard of a known or obvious risk that trust funds may not be remitted to the government...." Irrespective of whether a responsible person disburses the withheld taxes to a creditor other than the government before or after the due date, the behavior is considered willful.

Thibodeau, at 1505.

The bankruptcy court correctly applied the above standards in concluding that Adkins was a "responsible person" within the meaning of section 6672 for the first quarter of 1990. The bankruptcy court made a specific finding that Adkins had "all of the aforementioned indicia of responsibility, so he must, therefore, be held liable for AMC's unpaid tax liability for the first quarter of 1990." (Memorandum Opinion at 7, Record at p. 450). As the bankruptcy court noted: "[I]t avails Adkins none that he may have been hindered by his superiors in the payment of tax liability." See, Roth v. United States, 779 F.2d 1567, 1572 (11th Cir. 1986).

The bankruptcy court also concluded that Adkins' failure to pay the companies' payroll taxes was "willful" based upon the applicable Eleventh Circuit standards. (Memorandum Opinion at 8, Record at p. 451). As has been previously noted,

5

knowledge by Adkins of payments to other creditors after he became aware of the failure to remit the withheld taxes dictates a finding that his actions were "willful" within the meaning of the statute. This is true even in cases in which the "responsible person" failed to remit the taxes because another party had complete control over the business's money. See e.g., McDonald v. United States, 939 F.2d 916, 919 (11th Cir. 1991).

Therefore, as to the conclusion that Adkins was liable for the companies' taxes for the first quarter of 1990, there is ample evidence to support the bankruptcy court's findings of fact. Further, the bankruptcy court applied the proper legal standard in finding Adkins liable for a section 6672 penalty for that quarter. However, the bankruptcy court's determination of the amount of liability for the first quarter of 1990 and its determination that Adkins had no liability for the fourth quarter of 1989, are in error.

## THE HOLDING OF THE BANKRUPTCY COURT WITH RESPECT TO THE FOURTH QUARTER OF 1989

The bankruptcy court concluded Adkins had no liability under section 6672 for the unpaid taxes of the companies for the fourth quarter of 1989. Its conclusion was based upon the erroneous finding that the government had not asserted a tax liability for that quarter.

As a preliminary matter, the Court finds that Adkins has no responsibility for taxes for the fourth

6

quarter of 1989, <u>because there is no evidence that the Internal Revenue service has sought to impose Section 6672 liability upon him for this taxable period</u>. The Court makes this conclusion based on the absence in the record of evidence of any unpaid tax liability for Adkins. Although it is not necessary to have an assessment for liability to exist, the Court presumes that—because the government did such a thorough job in gathering and submitting exhibits in this proceeding—the absence of a schedule of unpaid tax liability for the fourth quarter of 1989 means that there is no unpaid tax liability for that period. The government's exhibits 9 and 10 show that the IRS asserts that Adkins has liability for the first and second quarters of 1990. The IRS asserts a $32,033.59 balance due for the first quarter of 1990, Gov't Ex. 9, and a $438,530.59 balance due for the second quarter of 1990, Gov't Ex. 10. <u>However, there is no evidence of any asserted liability for the fourth quarter of 1989</u>.

(<u>Memorandum Opinion</u> at 7, <u>Record</u> at P. 450)(emphasis added). The above makes it crystal clear that the bankruptcy court found Adkins not liable under section 6672 solely due to a lack of evidence of an asserted liability. The court did not find he was not a "responsible party" or that he did not "willfully" fail to remit the taxes owed by the companies. In fact, the court noted that Adkins's responsibilities for the financial affairs of the companies declined during late 1989 and early 1990. The court's finding that he was a "responsible party" and that he "willfully" failed to remit the taxes during the first quarter of 1990, therefore, conclusively establishes the same with respect to the fourth quarter of 1989. Therefore, the correctness of the bankruptcy court's finding of no liability for 1989 turns upon its finding that the IRS had not asserted a liability for that quarter.

7

### THE ASSESSMENT FOR THE FOURTH QUARTER OF 1989 AND THE AMOUNT OF THE PENALTY FOR THE FIRST QUARTER OF 1990

It is clear from the record below that the government had asserted a section 6672 penalty for the fourth quarter of 1989. Attached to its motion for summary judgment filed with the bankruptcy court are letters to Adkins from the IRS dated February 27, 1991, concerning the unpaid payroll taxes of AMC and AMS. (Exhibits D and E, <u>Record</u> pp. 324-327). Attached to each letter is a Form 2751, which sets forth the amount of the liability asserted, the company tax return to which it corresponds, and the quarter for which the penalty is assessed. The letters state in part as follows:

> Our efforts to collect the Federal taxes described in the enclosed Form 2751 have not resulted in the full payment of the corporate tax liability.
>
> We therefore propose to assess a penalty against you as a person required to collect, account for, and pay over withheld taxes from the above corporation. This penalty, provided by law under the authority of section 6672 of the Internal Revenue Code, equals the total not paid to the Government of the employment tax withheld from the corporation's employees or the excise tax collected from its patrons.

The Form 2751 for AMC contains the following tabular material:

| Tax Return Form No. | Tax period Ended | Date Return filed | Date Tax Assessed | Identifying number | Amount Outstanding | Penalty |
|---|---|---|---|---|---|---|
| 941 | 12/31/89 | 1/31/90 | 4/02/90 | 63-0890737 | $357,632.97 | $238,438.09 |
| 941 | 3/31/90 | 8/09/90 | 9/24/90 | 63-0890737 | $245,476.00 | $186,766.89 |
| 941 | 6/30/90 | 8/09/90 | 9/17/90 | 63-0890737 | $1,511.26 | $0.00 |

Total Penalty $425,204.98

The Form 2751 for AMS contains the following tabular material:

| Tax Return Form No. | Tax period Ended | Date Return filed | Date Tax Assessed | Identifying number | Amount Outstanding | Penalty |
|---|---|---|---|---|---|---|
| 941 | 12/31/89 | 1/31/90 | 3/26/90 | 63-0848168 | $43,571.20 | $38,393.08 |
| 941 | 3/31/90 | 12/10/90 | 1/28/91 | 63-0848168 | $36,464.20 | $19,788.11 |
| | | | | | Total Penalty | $58,181.19 |

Exhibits providing the underlying basis for the above forms were introduced at trial.[3] However, the bankruptcy court erroneously relied upon two exhibits introduced at trial (Government Exhibits 9 and 10) to conclude that the government had asserted no penalty for the fourth quarter of 1989 and for its conclusion as to the amount of the penalty for the first quarter of 1990. Government Exhibits 9 and 10 are schedules of unpaid tax liability for Adkins. Exhibit 9 contains the following line:

    TAXABLE PERIOD..............................9003

The corresponding entry on Exhibit 10 is as follows:

    TAXABLE PERIOD..............................9006

From these entries, the bankruptcy court determined that those exhibits referred to the first quarter of 1990 and the second quarter of 1990 respectively. For this reason, the court

---

[3] The government in its brief adequately sets forth the interrelationship of the various exhibits introduced at trial and how they support the amount of the penalty sought. The court will not repeat that analysis but notes that it is correct.

9

concluded there had been no assessment for 1989 and incorrectly determined the amount of the assessment for the first quarter of 1990.

As pointed out by the government in its brief to the court, these forms, when viewed in light of the other evidence introduced at trial, without question correspond to the penalties sought for the fourth quarter of 1989 and the first quarter of 1990 respectively.  The evidence establishes without dispute that the IRS assessed a section 6672 penalty on November 4, 1991, against Adkins for the fourth quarter of 1989 in the amount of $58,181.19 and for the first quarter of 1990 in the amount of $425,204.98.  Therefore, the bankruptcy court's findings as to the fourth quarter of 1989 and as to the amount of the penalty for the first quarter of 1990 were erroneous and must be reversed.

<u>STATUTORY INTEREST</u>

The judgment below does not provide for statutory interest.  Section 6671 provides that the penalty imposed by section 6672 "shall be assessed and collected in the same manner as taxes."  It further provides:  "Except as otherwise provided, any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter."  Section 6601 of the Internal Revenue Code provides for the imposition of interest on unpaid tax liabilities

and provides in part as follows: "If any amount of <u>tax imposed by this title</u> . . . is not paid on or before the last date prescribed for payment, interest on such amount at the underpayment rate established under section 6621 shall be paid for the period from such last date to the date paid." (emphasis added). It is, therefore, clear that Adkins is liable for interest on the unpaid section 6672 penalty at the rate prescribed by section 6621.

## CONCLUSION

The findings of the bankruptcy court with respect to the amount of Adkins's liability under section 6672 for the fourth quarter of 1989 and the first quarter of 1990 were erroneous. The bankruptcy court's findings that Adkins was a "responsible party" and that he acted "willfully" within the meaning of section 6672 were correct as to the first quarter of 1990 and require a similar finding for the fourth quarter of 1989—the evidence supporting those findings being stronger for the fourth quarter of 1989 than for the first quarter of 1990. The evidence conclusively establishes the amount of the section 6672 penalty for the fourth quarter of 1989 as $58,181.19 and for the first quarter of 1990 as $425,204.98. Interest on those amounts began to accrue as of the date of the assessment, November 4, 1991. For these reasons, the judgment of the bankruptcy court must be reversed.

Ruling on the motion of the United States to strike certain items included by appellee in the record on appeal was deferred by this court pending a decision on the merits. Consideration of those items would not change the outcome of the appeal and the motion will be declared moot.

An appropriate order will be entered contemporaneously herewith.

DONE this 24th day of June 1997.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.